MARISOL A., et al., Plaintiffs,

v.

Rudolph W. GIULIANI,
et al., Defendants.

Application of COURTROOM TELEVISION NETWORK,
Proposed Intervenor.

No. 95 Civ. 10533 (RJW).

United States District Court,
S.D. New York.

March 1, 1996.

Children's Rights, Inc., New York City (Marcia Robinson Lowry, Craig Levine, Mark G. Peters, Rebecca Kim Kimura, Martha Stone, of counsel), Lawyers for Children, Inc. New York City (Gayle Lerner, Karen Freedman, of counsel), for Plaintiffs.

Corporation Counsel of the City of New York, New York City, Paul A. Crotty, Corporation Counsel (Lorna Goodman, Phyllis Seidman, of counsel), for City Defendants.

Attorney General of the State of New York, New York City, Dennis C. Vacco, Attorney General (Ronald Younkins, Michael Popkin, of counsel), for State Defendants.

Cahill Gordon & Reindel, New York City (Floyd Abrams, Jonathan Sherman, of counsel), for Proposed Intervenor.

## MEMORANDUM AND ORDER

ROBERT J. WARD, District Judge.

Proposed Intervenor, Courtroom Television Network ("Court TV"), moves by order to show cause pursuant to Rule 24, Fed. R.Civ.P., to intervene in this case for the limited purposes of (a) persuading this Court to allow Court TV to televise the March 4, 1996 oral argument on plaintiffs' motion for class certification and defendants' partial motions to dismiss ("March 4 Argument") and

(b) obtaining the Court's written permission, pursuant General Rule 7 of the Local Rules of this Court ("Rule 7"), to televise that hearing. Inasmuch as the Court heard counsel for the Proposed Intervenor on February 28, 1996, the portion of the motion seeking to intervene is moot. For the reasons hereinafter stated, the portion of the motion seeking to televise the March 4 Argument is granted.

## DISCUSSION

On June 30, 1988, the Board of Judges of this Court adopted amended Rule 7, which is entitled "Photographs, Radio, Recordings, Television" and remains in effect. The Rule provides in pertinent part:

> No one other than court officials engaged in the conduct of court business shall bring any camera ... into any courthouse or its environs without written permission of a judge of that court.

> Environs as used in this rule shall include the entire United States Courthouse property, including all entrances to and exits from the buildings.

The Judicial Conference of the United States ("the Conference") subsequently considered the propriety of televising adversarial civil proceedings in federal court. On September 20, 1994, the Conference rejected an unambiguous recommendation in favor of televised proceedings by its Committee on Court Administration and Case Management and adopted a policy opposing the use of cameras to televise civil proceedings in the federal courts.

■ The threshold question, therefore, is whether this Court has discretion to allow Court TV to televise the March 4 Argument pursuant to Rule 7 or whether the Court is bound by the policy of the Conference. After careful consideration, it is the opinion of this Court that the policy of the Conference does not overrule or supplant the Local Rules adopted by the Board of Judges of this District Court. *See* 28 U.S.C. §§ 331, 2071(c) (1988). Rather, Rule 7 empowers the Court to grant written permission to televise a civil proceeding and the Court should con-

sider the Conference policy only as a persuasive factor in the exercise of that power.[1]

■ The discretionary power of this Court thus having been established, the Court must next consider whether this is an appropriate case in which to exercise that power and allow televised coverage. Plaintiffs' counsel support the application to televise the oral arguments. The City defendants oppose the application and urge the Court not to exercise its discretion because of the prejudice it argues will result from the public's alleged inability to comprehend the technical aspects of defendants' motion to dismiss. The State defendants take no position on the application.

After considering the arguments of counsel, this Court has determined that the public interest would be served in this case by granting the application. Recognizing that the policy of the Judicial Conference must be given considerable weight when deciding an application to televise federal court proceedings, this Court nevertheless finds that the profound social, political, and legal issues raised by the instant case make it appropriate for broadcast.

One factor persuading the Court is Court TV's representation that it intends to televise "gavel to gavel" the entire March 4 Argument. The Court is further persuaded to allow such coverage by the fact that there will be no jury and no witnesses present at that hearing. It is also the Court's view that the City defendants will not be prejudiced in connection with their motion to dismiss because of the public's inability to comprehend the technical aspects of that motion. This Court is unwilling to deny access to information based on the perceived inability of the public to grasp such information. Not only has Court TV represented that it will employ commentators to explain the nature of the proceeding, but counsel for the City defendants is free to state on the record that the allegations of the complaint are only to be taken as true in connection with the motion to dismiss and are not admitted by the defendants. Under the circumstances, this Court

---

1. It should be noted that, at oral argument held on February 28, 1996, all of the parties agreed that this Court has the discretion to authorize the broadcast of the March 4 Argument.

can perceive no prejudice to the parties in the granting of this application.

## CONCLUSION

For the foregoing reasons, Court TV is hereby granted leave, pursuant to Rule 7, to televise the oral arguments to be held before this Court on March 4, 1996.

It is so ordered.