**Jan A. SIGMON, Plaintiff,**

v.

**PARKER CHAPIN FLATTAU & KLIMPL, Defendant.**

**No. 93 Civ. 7123.**

United States District Court, S.D. New York.

Sept. 20, 1996.

Robert D. Kraus, Law Off: Robert D. Kraus, New York City, Robert Patrick Kelly, New York City, for Jan A. Sigmon.

Dona S. Kahn, Anderson, Kill Olick & Oshinsky, P.C., New York City, for Parker Chapin Flattau & Klimpl.

### MEMORANDUM ORDER

LEISURE, District Judge:

Courtroom Television Network ("Court TV") moves this Court for permission pursuant to General Rule 7 of the Local Rules of this Court ("Rule 7") to film for television broadcast the trial starting September 24, 1996 in the above captioned matter. For the reasons stated below, Court TV is granted permission to televise the September 24, 1996 trial.

### BACKGROUND

The underlying matter is a suit alleging sexual discrimination and wrongful termination on the basis of gender and pregnancy status. Plaintiff is a former attorney employed at defendant law firm. The trial, scheduled to begin on September 24, 1996, will be a bifurcated trial before a jury. Court TV is a news television network that reports on the legal systems of the United States and other countries. Court TV has specialized in complete, extended coverage of trials, both civil and criminal, as well as coverage of oral arguments on motions and in appellate proceedings.

In the instant application, Court TV seeks to tape essentially the entire trial using a single, stationary camera placed in the courtroom. The camera will be placed in such manner that no juror will appear on television during the trial. No names of jurors will be aired, and Court TV personnel will not attempt to contact any juror while the trial is in progress. During the trial, Court TV may televise some portions of the proceedings via tape-delayed broadcast. After the conclusion of the trial, Court TV intends to broadcast extended portions of the trial.

### DISCUSSION

#### I. The Court's Discretion Under Local Rule 7

According to Rule 7, as amended on June 30, 1988 by the Board of Judges of this Court, "[n]o one other than court officials engaged in the conduct of court business shall bring any camera" into a courthouse "without written permission of a judge of that court." However, on September 20, 1994, the Judicial Conference of the United States adopted a policy opposing the use of cameras to televise civil proceedings in the courts of the United States. See Marisol A. v. Giuliani, 929 F.Supp. 660, 661 (S.D.N.Y. 1996) (Ward, J.). More recently, the Judicial Conference on March 12, 1996 issued a resolution strongly urging the circuit Judicial councils to abrogate any local rules conflicting with the Judicial Conference's position. See Katzman v. Victoria's Secret Catalogue, 923 F.Supp. 580, 584 (S.D.N.Y.1996) (Sweet, J.).

The threshold question—whether the Court's discretion as indicated by Rule 7 is diminished or eliminated by the stated policy of the Judicial Conference—has been answered in the negative by this Court on two previous occasions. See Marisol A. v. Giuliani, 929 F.Supp. at 661; Katzman, 923 F.Supp. at 584. This Court agrees with Judges Ward and Sweet that, although the position of the Judicial Conference is persuasive, it is not controlling, and that the Court, pursuant to Rule 7, has full discretion regarding this issue.

#### II. The Present Application

The question of how the Court should apply that discretion in light of the persua-

sive effect of the position of the Judicial Conference is made simpler in this case by the fact that neither plaintiff nor defendant objects in principle to the taping and broadcast of the trial. However, defendant has stated its understandable concerns about the airing of testimony and evidence regarding sensitive matters. For example, in showing damages, evidence about the salaries earned by plaintiff and other attorneys employed by defendant would be presented. Defendant contends that such matters are not a matter of public interest and that they should not be televised.

Testimony or evidence given at trial becomes a matter of public record and thus arguably need not be protected from televised broadcast. Nevertheless, defendant's concerns merit consideration. There is an important distinction to be made between the availability of information and the actual broadcast of such information. The Court cannot—and does not seek to—stop any member of the public from obtaining information that is in the public record; but it is not obligated affirmatively to supply that information via media broadcast. This Court, in exercise of its judicial discretion in this matter, must take consideration of the parties' valid concerns regarding sensitive information.

The technology to be used in this broadcast should address defendant's concerns. Court TV will only televise the on-record portions of the proceedings, and will use a so-called "kill switch," a device that will allow the Court and/or Court TV personnel present in the courtroom to block transmission of sensitive information. As all parties consent to the taping and broadcast of the trial subject to this "kill switch" arrangement, the Court sees no reason to deny Court TV's request for permission pursuant to Rule 7.

### CONCLUSION

Court TV's request for permission pursuant to General Rule 7 of the Local Rules of this Court is HEREBY GRANTED.

**SO ORDERED.**